# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

November 11, 2019

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:** *Gao et al v. Hao NY, Inc. et al*
        Civil Docket No. 1:17-cv-09212-VSB

       *Letter Motion for Settlement Approval*

Dear Judge Broderick:

  Plaintiffs Jian Guo Gao[1], Li Bing Lu, Ju Ran Lin, Zhi Qiang Huang ("Plaintiffs") and Defendants Hao NY, Inc., Mee May Corp., Jiang Qing Chen, Wu Kuang Chi, and Rot Thi Dang (collectively, the "Defendants") respectfully request that the Court approve the settlement agreement reached in this matter pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201 (2d Cir. 2015). A copy of the executed settlement agreement is annexed herein as *Exhibit A*.

## Settlement Amount

  Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiffs for, among other things, alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL").

  Plaintiffs allege that they are formerly employed as a delivery workers at Defendants' restaurant. Plaintiff Huang alleges that he worked from February 7, 2014 to March 30, 2016; Lu from December 14, 2012 to September 2014; and Lin from January 2013 to March 30, 2016, and from April 2016 to August 11, 2016 at a different location controlled by

---

[1] Plaintiff Jian Guo Gao has unequivocally communicated to the undersigned attorneys that he wished to abandon his claims in this action. Therefore, Plaintiff Gao is not a party to this Settlement Agreement.

Defendants. Plaintiffs claim that Defendants paid him fixed weekly or monthly rates regardless of the actual hours worked.

If Plaintiffs were to prevail on all of his claims, including minimum wages, overtime and statutory damages for violations of Wage Theft Prevention Act, exclusive of attorney's fees, costs and prejudgment interest, he would be entitled to recovery totaling approximately $177,023.25 [2]. Plaintiffs are confident that they will be able to prove their allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiffs' allegations. Defendants contest Plaintiffs' working hours and maintain that Plaintiffs were paid for hours worked. Furthermore, Defendants deny that Hao NY Inc. constitute a corporate successor of Mee May Corp., which is now dissolved.

If Defendants were to prevail on all of their defenses, the amount of damages owed to Plaintiffs would be $0. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimony that Plaintiff worked fewer hours than alleged and were properly paid compensation; and that Hao NY Inc. is not liable to Plaintiffs as a corporate successor of Mee May Corp.

The gross settlement amount is $55,000.00, inclusive of Plaintiff's counsel's attorney's fees of $18,025.61 and out-of-pocket costs recovery of $923.18[3]; and distribution to Plaintiffs in the amount of $36,051.21. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' respective attorneys through the Court's annexed mediation program; and the parties agree that the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiffs' claims and the risks attendant with continuing the litigation.

Moreover, Plaintiffs were incentivized to settle because Defendants are willing to pay the settlement within six months with a substantial down payment of $30,000, representing 54.55% of the Settlement Amount, within 15 days of court approval of the settlement agreement. Should Plaintiffs insist on further litigating this matter, the value of his damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Plaintiffs ensures that they will get much of what they could potentially recover upfront, and they do so without having to face the possibility that their claims may be undermined at trial.

---

[2] Plaintiffs' damages calculation letter is attached hereto as Exhibit B.

[3] Invoice from process server is attached as Exhibit C.

## **FLSA Settlement Approval**

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. In determining its fairness, Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Here, the settlement amount represents a fair comprise considering that Plaintiffs' potential recovery ranges from $0 to $177,023.25. The settlement reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). The settlement was reached after substantive judicial intervention and litigation in this District, including a default judgment motion practice and participation of the Court's annexed mediation program. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In addition, the parties face substantial litigation risks. The costs associated with full discovery weigh in favor of settlement approval. Here, parties have been able to resolve the matter before engaging in costly formal discovery. In light of the uncertainties associated with establishing liability, as well as Plaintiffs' desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *Cf., e.g., Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation);*Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *See, e.g., Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-

Hon. Vernon S. Broderick
Page 4

length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsel for both parties are experienced litigators. The undersigned practices primarily on employment law issues.  The settlement was reached after intensive negotiations via the Court's annexed Mediation Program. Parties exchanged multiple demands and offers of settlement before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiffs have thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Lastly, factors that weigh against settlement approval are absent in this case.  This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiffs are no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur.  Additionally, this case presents no novel questions of law that would benefit future litigants from a mature record.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees.  Pursuant to our firm's agreement with the Plaintiffs, the Firm will retain 1/3 of the Settlement Amount as attorneys' fees after recovery of costs, which totals $18,025.61.  Based on previous experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Santana v. Dejuan Stroud, Inc.,* No. 18-CV-3402 (VSB), 2019 U.S. Dist. LEXIS 189975, at *2-3 (S.D.N.Y. Nov. 1, 2019) (finding one third of the total settlement amount after the deduction of costs as reasonable attorney's fees); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).  This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).  Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensate plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees

of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

Here, the total recovery to Plaintiffs' counsel, including attorney's fees and costs, amount to 32.78% of the settlement fund. Therefore, the attorney's fees requested is reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

In addition, Plaintiffs' request for attorney's fees is reasonable because it is supported by a "cross-check" using the lodestar method. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice "of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"); *see also In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 373-74 (S.D.N.Y. 2013) (applying the lodestar "cross-check" to assess the reasonableness of fees calculated using the percentage method). Here, Plaintiffs' counsel spent approximately 72.1 hours in this matter. Were Plaintiffs billed hourly, the attorney's fees would approximate $20,805.68[4].

The hourly rate billed here are fair and reasonable. JIAN HANG is the principal of Hang & Associates, PLLC ("H&A") and has represented Plaintiffs since the inception of this lawsuit. Mr. Hang has over ten years of experience litigating and trying cases in this area. He graduated from the Law School of University of Arkansas at Little Rock ("UALR") in 2005. He is a member of the bar in New York, Pennsylvania, District of Columbia, all four District Courts of New York, Middle District of Pennsylvania, Eastern District of Pennsylvania, District of Connecticut, and Court of Appeals for the District of Columbia Circuit. Prior to forming Hang & Associates, PLLC in January 2013, Mr. Hang practiced labor and employment law at Epstein, Becker, & Green, P.C., one of the most well recognized management-side labor and employment law firms in the country, for about eight (8) years. The undersigned respectfully submit that the many years of experience and the fact that Jian Hang's practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation, warrants the hourly rate we seek in this case of $350 per hour.

The hourly rate of $300 requested by the undersigned is reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6. 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for legal support staff."). The undersigned has been practicing in this district since June 2016. I have substantial experience litigating FLSA matters from pleading

---

[4] A contemporaneous time record kept by Plaintiffs' counsel is attached hereto as Exhibit D.

Hon. Vernon S. Broderick<br>Page 6

to verdict representing both employees and employers. In addition to FLSA cases, I have litigated other employment matters such as actions arising under Title VII, Family Medical Leave Act, and Equal Pay Act. I have dedicated most of my time to FLSA matters including litigating more than 30 cases in this District alone. In addition, I represent employees as well as employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division. For instance, I have successfully represented an employer from a retaliation charge filed with NLRB in connection, resulting in dismissal. I also represent commercial tenants in actions arising under Title III of the American with Disabilities Act. H&A has routinely billed my service to clients, including those in FLSA matters, at $300 per hour. Accordingly, the undersigned respectfully request that the Court to find the hourly rate reasonable under the circumstances. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 192 (2d Cir. 2007) (holding a reasonable hourly rate is the rate a "paying client would be willing to pay."). I received a Juris Doctor degree from Fordham University School of Law in 2015; and an advanced LLM in Law & Entrepreneurship degree from Duke University School of Law.

      Therefore, the undersigned respectfully request that the Court to approve the attorney's fees requested. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

      For all of the reasons set forth above, the parties request that the Court approve the Agreement and retain jurisdiction over this matter solely for purposes of enforcing the Agreement as expressly provided in the Settlement Agreement. *See Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 728 (S.D.N.Y. 2018).

      We thank the Court for its continued attention to this matter.

      Respectfully,

      *s/ Ge Qu*
      Ge Qu, Esq.

Via ECF:
Lydia Mann, Esq.